IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAMS GROCERY, INC., <br> *dba* WMS EXPRESS #3, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES, <br> *ex rel.* SONNY PERDUE, <br> SECRETARY OF AGRICULTURE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.   CIV-19-1141-SLP <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COMES NOW the Plaintiff, Williams Grocery, Inc., dba WMS Express #3 ("WMS Express #3" or "Plaintiff") to seek judicial review of a final agency determination of the Defendant United States *ex rel.* Sonny Perdue, Secretary of Agriculture ("USDA" or "Defendant"). In support of, Plaintiff states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.  Williams Grocery, Inc. is a for-profit corporation incorporated in the State of Oklahoma and with its principal place of business in the Western District of Oklahoma.

2.  WMS Express #3 is a "retail food store," as defined in 7 CFR § 271.2, located and doing business at 134 S.E. Lee Blvd. in Lawton, Oklahoma, located in the Western District of Oklahoma.

3.  The United States is a defendant pursuant to the provisions of the Supplemental Nutrition Assistance Program, specifically 7 U.S.C. § 2023(a). Sonny Perdue is named in his capacity as the Secretary of Agriculture, and is the person ultimately

1

responsible for the decisions of the United States Department of Agriculture, Food and Nutrition Service.

4. Plaintiff received a USDA final agency decision dated November 6, 2019 (the "Decision"). The Decision found that Plaintiff's Supplemental Nutrition Assistance Program ("SNAP") authorization should be withdrawn and Plaintiff shall be ineligible to reapply for participation as a retailer in SNAP for a minimum period of six months from the date of withdrawal. (Ex. 1, Final Agency Decision, at 8). A copy of the Final Agency Decision is attached as Exhibit 1 and incorporated by reference.

5. This Court has jurisdiction over this action for judicial review pursuant to 7 U.S.C. § 2023(a)(13) and 7 CFR § 279.7.

6. Venue is proper in this Court because the Plaintiff's retail store is located in the Western District of Oklahoma.

## FACTUAL BACKGROUND

7. WMS Express #3 has operated since 2008. (Ex. 1 at 6; Ex. 3, Request for Administrative Review, at 1).

8. WMS Express #3 has not experienced any past issues with inventory required for SNAP eligibility. (Ex. 1 at 6; Ex. 3 at 1).

9. On October 1, 2018, a USDA Food and Nutrition Services ("FNS") contractor conducted a store inspection of WMS Express #3. (Ex. 1 at 1).

10. On December 18, 2018, WMS Express #3 submitted its reauthorization application for participation as SNAP retailer. (Ex. 1 at 1).

11. On June 16, 2019, the USDA FNS Retailer Operations Division sent WMS Express #3 a letter stating that the Plaintiff was "lacking staple food inventory." (Ex. 1 at 7).

12. WMS Express #3 took immediate corrective action upon learning of the inventory deficiencies. WMS Express #3 transferred stock from its grocery store in Elgin, Oklahoma; and instructed store management that the store must maintain appropriate inventory in the future. (Ex. 1 at 7; Ex. 3).

13. In further response to the USDA's letter of June 16, WMS Express #3 provided inventory purchase receipts to the USDA, on June 20, 2019, showing sufficient inventory of staple foods for SNAP participation. (Ex. 1 at 7).

14. When WMS Express #3 contacted the USDA representative regarding the notification, WMS Express #3 was instructed to provide documentation as to how the store was stocked with inventory. WMS Express #3 was not informed that a specific date or invoice was needed in that documentation.

15. By letter dated July 11, 2019, the USDA FNS Retailer Operations Division informed WMS Express #3 that its authorization to participate as a retailer in SNAP would be withdrawn due to Plaintiff's failure to meet eligibility requirements. (Ex. 1 at 1; Ex. 2, Withdrawal Letter). The letter is attached as Exhibit 2 and incorporated by reference.

16. The July 11, 2019, withdrawal letter stated that WMS Express #3 "has not demonstrated that it meets" criteria for SNAP authorization and that WMS Express #3 "does not qualify for SNAP authorization under [the need for access provision at 7 CFR 278.1(b)(6)." It further stated that the documentation provided by WMS #3 in response to

the June 16, 2019, letter was "dated 6/20/19 after the October 1, 2018 store visit." (Ex. 2 at 1).

17. The USDA stated that WMS Express #3 failed to meet the requirements of Criterion A of the SNAP regulations at 7 CFR § 278.1(b)(1) "because in at least one of the four staple food categories [WMS Express #3] did not offer for sale on a continuous basis a variety of foods in required minimum quantities." (Ex. 1 at 2).

18. The USDA stated that WMS Express #3's SNAP authorization was to be withdrawn for a period of six (6) months pursuant to 7 CFR § 278.1(k)(2). (Ex. 1 at 2; Ex. 2 at 1).

19. Pursuant to SNAP regulations and within the prescribed time, on July 18, 2019, WMS Express #3 requested an Administrative Review of the USDA's decision to withdraw WMS Express #3's SNAP authorization. WMS Express #3 included a transfer list dated September 15, 2018 (Ex. 1 at 2; Ex. 3, Request for Appeal). Confirmation of receipt of WMS Express #3's request for administrative review was sent by the USDA dated August 19, 2019. (Ex. 4).

20. The USDA provided its Final Agency Decision on November 6, 2019, which found that, "on the day of the store visit [...] [WMS Express #3] did not carry sufficient dairy inventory as required for eligibility under [SNAP regulations]." It further stated that WMS Express #3 did not qualify for SNAP authorization under the need for access provision of SNAP regulations. (Ex. 1 at 7).

**CLAIM FOR RELIEF**

21. Plaintiff realleges and incorporates paragraphs 1-20, as if fully stated herein.

22. Defendant's November 6, 2019, determination was arbitrary, capricious, or not based on substantial evidence.

23. WMS Express #3 offers for sale a variety of staple foods in (at least) SNAP-regulation-required minimum quantities on a continuous basis.

24. WMS Express #3 has, on any given day of operation, no fewer than seven (7) different varieties of food items in each of the four (4) staple food categories (i.e., meat, poultry, or fish; breach or cereals; vegetables or fruits; and dairy products). This includes at least one variety of perishable foods in at least three staple food categories.

25. WMS Express #3's loss of SNAP authorization would be a detriment to the small community served by WMS Express #3, as well as to the store remaining open.

26. WMS Express #3 is located in an area with significantly limited access to food. (Ex. 5, List of SNAP Retailers in Lawton, zip code 73501; Ex. 6, Screenshots of SNAP retailers near WMS Express #3).

27. Should Defendant not be restrained from enforcing the withdrawal of Plaintiff's SNAP authorization, Plaintiff will suffer irreparable injury, in that customers who pay for Plaintiff's products with SNAP benefits will no longer be able to do so, and Plaintiff will permanently lose the trade of these individuals, for which Plaintiff has no adequate remedy at law.

28. To the extent WMS Express #3 failed to meet Criterion A of the SNAP regulations, the extent of WMS Express #3's stocking deficiency was minimal. WMS

Express #3 has been in operation for over 10 years, and has very rarely, if ever, experienced any issues with inventory required for SNAP qualification.

29.     WMS Express #3's deficiency was noted in the dairy products category. Dairy products carry an expiration or sell-by date, making it difficult to keep large amounts of back stock. Specified dairy items were likely sold out at the time of the store visit and restocked for sale in a timely manner.

30.     WMS Express #3 furthers the purposes of the SNAP program by providing nutrition benefits to supplement the food budget of needy families so they can purchase healthy food and move toward self-sufficiency.

31.     Plaintiff requests that this Court set aside the Defendant's Final Agency Decision of November 6, 2019.

WHEREFORE, Plaintiff seeks *de novo* review of the USDA's Final Agency Determination and requests that this Court reverse the determination withdrawing WMS Express #3 from SNAP eligibility for a minimum of six (6) months. Plaintiff further requests that the Court stay the decision of the USDA, and that Defendant be enjoined from withdrawing WMS Express #3's eligibility for SNAP participation during the pendency of this action, pending a further hearing on the merits, or until further order of the Court; and grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s Russell L. Mulinix_____
Russell L. Mulinix, OBA # 6494
John A. Krahl, OBA # 31124
MULINIX GOERKE & MEYER, P.L.L.C.
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
Telephone: (405) 232-3800
Fax: (405) 232-8999
rusty@lawokc.com
jkrahl@lawokc.com
*Attorneys for Plaintiff*

## **EXHIBITS**

1. Final Agency Decision of U.S. Department of Agriculture Food and Nutrition Services in Case Number C0220098, dated November 6, 2019
2. Withdrawal Letter from USDA FNS to WMS Express #3 dated July 11, 2019
3. Request for Administrative Review from WMS Express #3 to USDA sent on July 18, 2019
4. Confirmation letter from USDA FNS to WMS Express #3 dated August 19, 2019
5. List of SNAP Retailers in Lawton, zip code 73501 (Filtered from information downloaded from https://www.fns.usda.gov/snap/retailer-locator on December 5, 2019)
6. Screenshots of SNAP retailers near WMS Express #3 (using https://www.fns.usda.gov/snap/retailer-locator with WMS Express #3 address input into locator)